UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>v.<br><br>VARIOUS REAL PROPERTIES<br>LOCATED IN HARRIS COUNTY AND<br>MONTGOMERY COUNTY WITH<br>RECORDED AND UNRECORDED<br>TRANSFER DEEDS TO<br>PD RENTALS LLC,<br>                    Defendants. | §<br>§<br>§   CIVIL ACTION NO. ___<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the Defendant Real Properties listed below. The United States alleges on information and belief as follows:

NATURE OF THE ACTION

1. The United States seeks the forfeiture of the Defendant Real Properties because they were purchased with the proceeds of criminal wire fraud, namely a scheme and conspiracy to defraud a company, and because they are property involved in money laundering, both to conceal and disguise the proceeds and to engage in monetary transactions with more than $10,000.00 in proceeds.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Real Properties are all located in the Southern District of Texas and are within the jurisdiction of this Court.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395.

## THE DEFENDANT PROPERTIES

4. The Defendants (collectively referred to as the "Defendant Real Properties") are the following real properties, including all improvements and appurtenances:

    a. 102 N. Winterport Circle in Spring, Texas, more particularly described in document number 2018082402 of the real property records of Montgomery County.

    b. 11705 Grandview Drive in Montgomery, Texas, more particularly described in document number 2018082399 of the real property records of Montgomery County.

    c. 2207 Bancroft Lane, Unit 1201, in Houston, Texas, more particularly described in document number RP-2018-413102 of the real property records of Harris County.

    d. 15 Fairlee Court in Magnolia, Texas, more particularly described in document number 2018082400 of the real property records of Montgomery County.

    e. 303 Bloomhill Place in The Woodlands, Texas, more particularly described in document number 2019068301 of the real property records of Montgomery County.

    f. 255 Bloomhill Place in The Woodlands, Texas, more particularly described in document number 2019068303 of the

        real property records of Montgomery County.

g.    331 Bloomhill Place in The Woodlands, Texas, more particularly described in document number 2019068299 of the real property records of Montgomery County.

h.    21026 White Shore Lane in Spring, Texas, more particularly described in document number RP-2019-215638 of the real property records of Harris County.

i.    21219 Fire Wind Court in Spring, Texas, more particularly described in document number 20140428946 of the real property records of Harris County.

j.    26 Whitekirk Place in Magnolia, Texas, more particularly described in document number 2015015324 of the real property records of Montgomery County.

k.    54 Blue Creek Place in Spring, Texas, more particularly described in document number 2015015322 of the real property records of Montgomery County.

l.    43 Verbena Bend Place in Spring, Texas, more particularly described in document number 2015015323 of the real property records of Montgomery County.

m.    706 Beckets Crossing Lane in Spring, Texas, more particularly described in document number 20150064131 of the real property records of Harris County.

n.    734 Beckets Crossing Lane in Spring, Texas, more particularly described in document number 20150079890 of the real property records of Harris County.

o.    1007 Lamson Court in Spring, Texas, more particularly described in document number 20150242525 of the real property records of Harris County.

  p. 22526 Goss Spring Court in Spring, Texas, more particularly described in document number RP-2016-379584 of the real property records of Harris County.

  q. 22402 Spring Crossing Drive in Spring, Texas, more particularly described in document number 20150546676 of the real property records of Harris County.

  r. 23106 Oxbow Trail in Spring, Texas, more particularly described in document number RP-2016-50446 of the real property records of Harris County.

The record owner of each Defendant Property is PD Rentals LLC, a Texas Limited Liability Company; SKBP Ventures LLC, a Texas Limited Liability Company; or the President of the vendor company, as described below.

## STATUTORY BASIS FOR FORFEITURE

5. This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of [Title 18]), or a conspiracy to commit such offense." Section 1956(c)(7) of Title 18 defines "specified unlawful activity" to include, in relevant part, offenses listed in Section 1961(1) of Title 18. *See* 18 U.S.C. § 1967(c)(7)(A). These offenses include a violation of Title 18 U.S.C. § 1343 (wire fraud), among a number of other criminal violations. *See* 18 U.S.C. § 1961(1)(B). A conspiracy to commit wire fraud is a violation of 18 U.S.C. § 1349.

6. This action is also brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal,

4

involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. Under 18 U.S.C. § 1957, it is unlawful for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity. Under 18 U.S.C. § 1956(h), it is unlawful to conspire to violate the money laundering statutes.

7. The Defendant Real Properties are subject to forfeiture (a) pursuant to 18 U.S.C. § 981(a)(1)(C) as real property which constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity, including but not limited to violations of 18 U.S.C. §§ 1343 and 1349; and (b) pursuant to 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

## FACTS

8. A Manager at Company A was in charge of coordinating construction work at Company A's facilities. At some point beginning in or about 2011, the Manager conspired with the President of a vendor company ("Vendor") to defraud Company A by submitting inflated project bids to Company A from Vendor along with fraudulently documented and higher bids by other companies to make Vendor's bid look competitive;

by causing Company A to select Vendor for projects despite Vendor's inflated bid prices; by paying and receiving kickbacks, including the transfer of real properties, for steering Company A to select Vendor for projects, including the transfer of real properties; and through other fraudulent activity.   In particular, the Manager caused Company A to select Vendor for projects and then make payments to Vendor that were in excess of the usual and customary rates for goods and services that would otherwise have been paid.

9. The fraud against Company A continued for many years, during which time the President of Vendor and the Manager obtained millions of dollars in criminal proceeds from Company A's payment of Vendor's inflated and fraudulent invoices.  Wire communications, wire transfers, and the U.S. mails were used in furtherance of the conspiracy.

10. The President of Vendor used proceeds of the fraud conspiracy described above to purchase the Defendant Real Properties.  Sometimes the President of Vendor purchased the real properties in his own name; sometime he purchased the real properties in his own name and then transferred them to SKBP Ventures LLC, a real estate holding company he controlled; and sometimes he purchased the real properties directly in the name of SKBP Ventures LLC.   As part of the conspiracy and as kickbacks to the Manager, the President would then sign a deed on behalf of himself or on behalf of his company SKBP Ventures LLC with the intent to cause title to be transferred to PD Rentals LLC, a real estate holding company controlled by Manager, for the benefit of the Manager.   Some of these transfer deeds were recorded in the property records, and some were signed but not recorded.

11. The Defendant Real Properties were purchased and obtained with proceeds of wire fraud or with funds traceable to the conspiracy to defraud; and the purchase and transfer of the Defendant Real Properties constituted money laundering. Regardless of the recorded name of the titleholder, the Defendant Real Properties listed in this Complaint are subject to forfeiture by the United States because they constitute or are derived from fraud proceeds and because they are property involved in money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorneys at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the titled property owners and on any persons who reasonably appear to be potential claimants.

The United States seeks a final judgment forfeiting the Defendant Properties to the United States and requests any other relief to which the United States may be entitled.

                Respectfully submitted,

                RYAN K. PATRICK
                United States Attorney

By:   /s Stephanie Bauman
       Stephanie Bauman
       SDTX Federal No. 705181
       Texas State Bar No. 24055344
       Kristine E. Rollinson
       SDTX Federal No. 16785
       Texas State Bar No. 00788314
       Assistant United States Attorneys
       1000 Louisiana, Suite 2300
       Houston, Texas 77002

## VERIFICATION

I, Brannon Coker, Special Agent with the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 4 and 8 – 11 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Brannon Coker, Special Agent
Federal Bureau of Investigation